IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

MARIE NAPOLI, ESQ.,

        Plaintiff,

-against-

AMAZON WEB SERVICES, AKAMAI TECHNOLOGIES, INC., DAILY MAIL.co.uk, BREAKING MEDIA, INC., ABOVE THE LAW.COM, and NAMECHEAP, INC.,

        Defendants.

---

Case No.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331 and 1441(a), defendant BREAKING MEDIA, INC. ("Breaking Media") (owner of www.abovethelaw.com, which is not a separate corporate entity, but nevertheless joins in this motion) hereby gives notice of removal of this civil action from the Supreme Court of the State of New York, County of Nassau, to the United States District Court for the Eastern District of New York.  In support of this Notice of Removal, Breaking Media states as follows:

**I.     Introduction**

1.     Plaintiff Marie Napoli commenced this action by filing a Summons with Notice on June 13, 2017, in the Supreme Court of the State of New York, County of Nassau, in the case styled *Marie Napoli, Esq. v. Amazon Web Services et al.,* Index No. 605578/2017.   *See* Summons with Notice, attached hereto as Exhibit A.  Plaintiff did not file a complaint with her Summons with Notice.

2. More than two months later, on August 30, 2017, Plaintiff served the Summons with Notice on defendant Breaking Media, Inc., at its office in New York, New York. *See* Affidavit of Service, attached hereto as Exhibit B. Plaintiff still did not file a complaint.

3. Inexplicably, Plaintiff served the Summons with Notice for a second time, on September 1, 2017, at the Secretary of State in Albany, New York. *See* Affidavit of Service, attached hereto as Exhibit C.

4. On September 7, 2017, Breaking Media filed an Appearance and Demand for Complaint, attached hereto as Exhibit D.

5. Pursuant to N.Y. C.P.L.R. 3012(b), Plaintiff was required to have filed a complaint within 20 days of receiving a demand for same.

6. As of September 27, 2017, 20 days after Plaintiff was served with Breaking Media's Appearance and Demand for Complaint, Plaintiff had not filed a complaint.

7. As of this filing, Plaintiff has still not filed a complaint, despite having filed a Summons with Notice over three months ago on June 13, 2017.

8. The Summons with Notice states that "this is an action for copyright infringement, injunctive relief, and money damages." Ex. A, ¶ 3.

9. This Notice of Removal is timely because it is being filed within thirty (30) days from the date Breaking Media was served with the Summons with Notice. *See* 28 U.S.C. § 1446(b).

10. According to the record of the state court action, two other defendants, Amazon Web Services and Akamai Technologies, Inc., also have been served at the time of this Notice of Removal. *See* Electronic Docket Record for Case No. 605578/2017, attached hereto as Exhibit E; Affidavits of Service on File, attached hereto as Exhibit F. Despite diligent investigation,

Breaking Media has found no record showing that the remaining defendants, Daily Mail.co.uk or Namecheap, Inc., have been served in the state court action as of the date of this Notice of Removal.

**II.     Grounds for Removal**

11.     In this case, removal is proper under 28 U.S.C. §§ 1331 and 1441(a) because Plaintiff's claims against Defendants arise under and are governed by the U.S. Copyright Act, 17 U.S.C. § 101, *et seq*.

12.     A defendant may remove an action from state to federal court by filing a notice of removal in the federal court of the district and division within which such action is pending. 28 U.S.C. § 1442(a). The notice must contain a short and plain statement of the grounds for removal. *Id*.

13.     Removal is proper in "any civil action . . . of which the district courts have original jurisdiction." 28 U.S.C. § 1441(a).

14.     A federal district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

15.     Jurisdiction of the federal court as related to copyrights is governed by 28 U.S.C. § 1338, which states in part, "The district courts shall have original jurisdiction of any civil action relating to . . . copyrights . . . . Such jurisdiction shall be exclusive of the courts of the states in . . . copyright cases."

16.     The types of works that are protected by the Copyright Act include pictorial, graphic, and other audiovisual works. 17 U.S.C. § 102.

17. Upon information and belief, the subject of Plaintiff's claims are photographs. *See* Letter from Napoli Shkolnik PLLC to Breaking Media, Inc., dated April 20, 2017, attached hereto as Exhibit G.

18. Based on the foregoing, Plaintiff's claims arise under the Copyright Act, and removal is proper.

### III. Compliance with Removal Procedures

19. Breaking Media has complied with all the procedural requirements for removal set forth in 28 U.S.C. § 1446(a). As stated above, this Notice of Removal is being filed within 30 days of the service of the state court action.

20. Breaking Media obtained consent to removal from the all defendants that were served in the state court action, including Amazon Web Services and Akamai Technologies, Inc. Breaking Media also obtained consent to removal from Namecheap, Inc., a defendant that has not yet been served in the state court action.

21. The remaining defendant, DAILY MAIL.co.uk, is not a legal entity. Upon information and belief, no company in any way associated with that Web site has been served. Accordingly, no consent is required. *See James v. Gardner*, 04 CV 1380, 2004 WL 2624004, at *3 (E.D.N.Y. Nov. 10, 2004) (recognizing that unserved defendants need not consent to removal).

22. This Notice of Removal is being provided to Plaintiff, Marie Napoli, at 360 Lexington Ave., 11th Fl., New York, NY 10017.

23. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Supreme Court of the State of New York, County of Nassau, in Case No. 605578/2017.

24. Copies of all process, pleadings, and orders served on defendant Breaking Media are attached hereto.

WHEREFORE, for the reasons asserted above, defendant Breaking Media, Inc., removes this action from the Supreme Court of the State of New York, County of Nassau, to the United States District Court for the Eastern District of New York and respectfully requests that the Court exercise jurisdiction over this action.

Dated: September 29, 2017

Respectfully submitted,

BREAKING MEDIA, INC.

By:   /s/ Joshua A. Dunn
      One of its Attorneys

Vedder Price P.C.
1633 Broadway 31st Floor
New York, New York 10019
T: +1 212 407 7700
F: +1 212 407 7799
jdunn@vedderprice.com